UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DASH,<br>    Plaintiff<br>vs.<br><br>UNIVERSITY SPORTS PUBLICATIONS CO., INC, MICHAEL SHABSELS AND MITCHELL ZEIFMAN,<br>    Defendants | CV NO: 03 585<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ FEB - 5 2003 ★<br>BROOKLYN OFFICE<br><br>WEXLER, J.<br>LINDSAY, M.J.<br><br>**COMPLAINT** |

The Plaintiff by his Attorney, Solomon Weinstein, complaining of the Defendants alleges:

1. Jurisdiction of this Court arises out of 29 Labor 1132, being part of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A).

2. The Plaintiff is a former employee of the Corporate Defendant.

3. The individual Defendants, Michael Shabsels is the President and Mitchell Zeifman is the Secretary of the Corporate Defendant ("University").

4. On January 1, 1993, University adopted a Profit Sharing Plan known as University Sports Publications Co., Inc. Profit Sharing Plan which at all times herein mentioned was and still is in effect.

5. On January 1, 1997, University adopted a Purchase Money Pension Plan known as the University Sports Publications Co., Inc., Money Purchase Pension Plan which at all times herein mentioned was and still is in effect.

6. The Profit Sharing Plan and the Money Purchase Plan (collectively "the Plans") were at all times herein mentioned and still are subject to E.R.I.S.A.

7. At all times herein mentioned Shabsels and Zeifman were and still are the Administrators and Trustees of the Plans.

8. The Plaintiff was employed by the Corporation during 1999 and 2000 and in 2001 until March.

9. The Plaintiff became eligible for a vested interest in the Plans for 1999 and 2000.

10. The Corporation made a contribution to each Plan for Plaintiff's benefit for 1999 but failed to do so for the year 2000.

11. Failure to make a required contribution is a violation of Plaintiff's rights not only under the provision s of each Plan but is also a violation of E.R.I.S.A.

12. In addition to the failure to make the contributions for Plaintiff's benefit for the year 2000 the Corporation and the Administrators and Trustees of the Plans violated E.R.I.S.A. by:

(a) Failing to furnish Plaintiff with a copy of the plans;

(b) Failing to furnish Plaintiff with any revisions of the plans;

(c) Failing to furnish Plaintiff with information concerning the amount of contributions it was required to make for Plaintiff's benefit.

13. All of the foregoing violations continue in spite of demands for compliance by the Plaintiff, his Attorneys and the U.S. Department of Labor.

14. Plaintiff is without an adequate remedy at law and will suffer immediate and continuing irreparable injury, loss and damage unless Defendants are ordered to perform their obligations under E.R.I.S.A.

**WHEREFORE,** Plaintiff demands judgment:

(a) For an Injunction enjoining Defendants from violating the terms of Plaintiff's employment and the provisions of the Plans as required by E.R.I.S.A.;

(b) Requiring Defendants to make contributions to the Plans for the benefit of Plaintiff in the required amounts and interest thereon from the required payment date to the date of payment;

(c) Requiring Defendants to furnish Plaintiff with true copies of the Plans and any revisions thereof;

(d) For Attorney fees and costs and disbursements of this action; and

(e) Such other and further relief as the Court may deem just and proper.

Dated: January 30, 2003.

SOLOMON WEINSTEIN   sw1581
Attorneys for Plaintiff
C/o Weinstein, Soybel & Kirwin
36 West 44th Street
New York, NY 10036
(212) 840-6543